IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

vs.                                                        No. 15-10055-1-JTM

TEGAN C. GULLEY,
        Defendant.

MEMORANDUM AND ORDER

Defendant Tegan Gulley pled guilty in 2015 for possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). (Dkt. 40). In 2016, Gulley moved to vacate his sentence pursuant to 28 U.S.C. § 2255, arguing his sentence should not have been enhanced for a "crime of violence," citing *Johnson v. United States*, 135 S.Ct. 2551 (2015). The court dismissed the motion, holding that *Johnson* was inapplicable, and that the defendant's sentence was correct under U.S.S.G. § 4B1.2(a)(2) and in light of *Beckles v. United States*, 137 S.Ct. 886, 890 (2017). (Dkt. 50).

Now before the court is a "Letter/Motion" (Dkt. 57) filed by Gulley in which he asks "if the court could appoint me counsel," because he "was told that I might have relief" under authorities such as *Rehaif v. United States*, ___ U.S. ___, 139 S.Ct. 2191, 2200, 204 L.Ed.2d 594 (2019) (holding that under § 922(g) the government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm"), or the First Step Act.

Gulley's letter was entered onto the docket as both a motion for appointment of counsel and as a motion for reduction of sentence. By earlier Order (Dkt. 58), the court directed the Office of the Federal Public Defender to review the matter to determine whether Gulley might qualify for relief. That Office has now notified the court that it will not be entering an appearance on his behalf.

To the extent that Gulley's letter is construed as a motion for reduction of sentence, the court hereby denies the same. First, as this court has recently observed, *Rehaif* "does not announce a new rule of constitutional law that applies retroactively to cases on collateral review." *See Jackson v. Hudson*, 2020 WL 869404, at *2 (D. Kan. Feb. 21, 2020) (Lungstrum, J.) (citing cases). *See also Mata v. United States*, No. 20-1875, 2020 WL 4515780, at *2 (2d Cir. Aug. 6, 2020) (non-retroactivity is "the uniform view of other courts of appeals that have addressed this question"). Second, any argument along such lines was procedurally defaulted when the defendant pled guilty without any claim that he was unaware that it was illegal for him to possess a firearm. *See United States v. Hisey*, 2020 WL 2915036, at *2 (D. Kan. June 3, 2020) (Crabtree, J.).

The defendant has failed to show any portion of the First Step Act would have affected his § 921(g) sentence. Moreover, the First Step Act "is largely forward-looking and not retroactive, applying only where "a sentence for the offense has not been imposed as of [the] date of enactment." *United States v. Wiseman*, 932 F.3d 411 (6th Cir. 2019) (quoting Pub.L.No. 115-391, 132 Stat. 5194, § 401(c)); *United States v. Voris*, 964 F.3d 864, 875 (9th Cir. 2020) (First Step Act "does not apply to cases pending on appeal in

which the district court sentenced the defendant before the enactment of the First Step Act").

IT IS ACCORDINGLY ORDERED this day of August, 2020, that the defendant's Motion for Reduction of Sentence (Dkt. 57) is hereby denied.

*J. Thomas Marten*
J. Thomas Marten, Judge
