## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                              Case No. 15-10055-JWB

TEGAN C. GULLEY,

       Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's motion for early termination of supervised release. (Doc. 62.) The United States Probation Office and United States Assistant Attorney have informed the court that they object to the motion. For the reasons indicated herein, the motion is DENIED.

### I.  Background and Standard

Defendant was charged with and pled guilty to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (Doc. 32.) On November 10, 2015, he was sentenced to 77 months to be followed by a 3-year term of supervised release. (Doc. 40.) Defendant has served approximately 21 months of his supervised release term and now moves for early termination of supervised release.

The court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release … if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Courts are also required by 18 U.S.C. § 3583(e) to consider the following factors set forth in § 3553(a): the nature and circumstances of the offense and the history and characteristics

of the defendant; adequate deterrence; protection of the public; the need for effective education, training, care or treatment; the sentencing guideline factors and range in effect at the time of sentencing and any subsequent amendments; the pertinent Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and the need to provide victim restitution. *United States v. Halcrombe*, No. 12-40030-JAR, 2022 WL 1421560, at *2 (D. Kan. May 5, 2022) (citations omitted); *See also United States v. Fykes*, No. 21-1222, 2022 WL 245516, at *2 (10th Cir. Jan. 27, 2022) (discussing that court is required to consider statutory factors when granting a motion for early termination but that it is unclear whether the statute requires explicit considerations of the factors when denying a motion). Whether to grant a motion to terminate a term of supervised release is a matter of sentencing court discretion. *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).

## II. Analysis

After considering the relevant factors, the court concludes the motion for early termination of supervised release should be denied. Although Defendant has maintained employment during his term of supervised release, the probation office reports that Defendant frequently changes jobs without providing notice to probation. Defendant has also had a urine test come back positive for PCP (Phencyclidine) in February 2021. Defendant also refused to allow probation officers inside his residence in September 2021. More recently, in March 2022, Defendant was issued a citation for driving without a valid license and the officer located an open container of alcohol in his vehicle. A review of his presentence report shows that Defendant has an extensive criminal history, including several convictions for battery, drug possession, and driving under the influence. (Doc. 37 at 8-18.)

Due to Defendant's conduct while on supervised release and his significant criminal history, continued supervision is necessary so that Defendant can successfully transition and contribute to society.

## IV.  Conclusion

Defendant's Motion for Early Termination of Supervised Release (Doc. 62) is DENIED.

IT IS SO ORDERED this 19th day of July 2022.


       s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE